*CYRIL KEHM v. GERMAN MUTUAL INSURANCE CO.

JUDGMENT ON DEMURRER TO MERITS OF CAUSE OF ACTION RES ADJUDICATA.

Where the record shows that a demurrer to the petition was sustained by the trial court on the merits of the plaintiff's cause of action, and this judgment was affirmed by the circuit court in the usual form as without error, the finality of the judgment cannot be changed by looking to the opinion of the circuit court judge where it appears that the affirmation was based on technical grounds.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

Albert Bettinger, for plaintiff in error:

Cited and commented upon the following authorities: *United States* v. *Road Co.* 110 Fed. Rep. 864; *Moore* v. *Dunn*, 41 Ohio St. 62; *Barr* v. *Poor*, 15 Dec. 217; *Rafferty* v. *Traction Co.* 25 O. C. C. 411, affirmed, no report, *Toledo Trac. Co.* v. *Rafferty*, 71 Ohio St. 497; *Gould* v. *Railway*, 91 U. S. 526 [23 L. Ed. 416]; *Pepper* v. *Donnelly*, 87 Ky. 259 [8 S. W. Rep. 441]; *Griffin* v. *Seymour*, 15 Iowa 30 [83 Am. Dec. 396]; *Northern Pac. Ry.* v. *Slaght*, 205 U. S. 122 [27 Sup. Ct. Rep. 442; 51 L. Ed. 738]; *Gregory* v. *Woodworth*, 107 Ia. 151 [77 N. W. Rep. 837]; Herman, Estoppel Sec. 92; 1 Freeman, Judgments 249, 483; Black, Judgments Sec. 527; *Miller* v. *Bernicker*, 46 Mo. 194; *Ford*

*Affirming *Kehm* v. *Insurance Co.* 18 Dec. 482.

v. *Ford,* 88 Wis. 122 [59 N. W. Rep. 464]; *Stuart* v. *Heiskell,* 86 Va. 191 [9 S. E. Rep. 984]; *Finch* v. *Hollinger,* 46 Ia. 216; *Russell* v. *Russell,* 134 Fed. Rep. 840 [67 C. C. A. 436]; *Russell* v. *Russell,* 129 Fed. Rep. 434.

**John R. Sayler,** for defendant in error.

**SWING, J.**

This is an action in this court on error to the judgment of the court of common pleas dismissing the petition of the plaintiff in error against the defendant in error.

Kehm brought his action in the court of common pleas on a policy of insurance held by him in the German Mutual Insurance Co.; in this action he obtained a judgment. The insurance company prosecuted error to the circuit court, wherein the judgment was reversed and the cause remanded for further proceedings.

After the case went back to the court of common pleas, plaintiff filed an amended petition, to which the insurance company filed a general demurrer, which general demurrer was sustained and plaintiff's petition was dismissed. Plaintiff prosecuted error to the circuit court, which court affirmed the judgment of the court of common pleas. Thereupon plaintiff brought another action in the court of common pleas. The defendant filed an answer to this petition in which it set out two defenses, one of which was a plea in bar, setting up a former decision of the same court, between the same parties, in the same cause of action. To this defense the plaintiff filed a reply setting forth the opinions of the judges of the court of common pleas and circuit court in deciding the questions in the former case, as showing that the case was not determined on the merits and therefore was not a bar to a subsequent action. The defendant filed a motion for judgment on the pleadings and this motion was granted and plaintiff's petition dismissed. This is the judgment sought to be reversed in this court.

The judgment in the first action between the parties was rendered in the court of common pleas on a general demurrer to the petition. It is admitted by counsel that the law on this question is correctly stated in Black, Judgments Sec. 707, as follows:

"There can be no doubt that a judgment rendered upon a demurrer is equally conclusive by way of estoppel of the facts confessed by the demurrer, as would be a verdict and judgment finding the same facts. But a judgment on a demurrer based on merely formal and technical defects is no bar to a suit on an amended declaration correctly setting forth a good cause of action."

Again at Sec. 709, it is stated:

"In many of the states, especially those following the code practice, a statutory and much used ground of demurrer is: 'that the complaint does not state facts sufficient to constitute a cause of action.' A decision upon a demurrer of this kind is an adjudication upon the merits as far as the complaint goes, and is final and conclusive."

The demurrer in the court of common pleas as shown by the record was on the merits of plaintiff's cause of action. But this judgment of the court of common pleas was affirmed in the circuit court, as shown by the opinion of the circuit court judge, which is brought into the record, on a technical ground, viz., that there was no consideration alleged in the petition although the judgment of affirmance was in the usual form simply finding that there was no error in the judgment. The record in this case contains the opinion of the judge of the court of common pleas sustaining the demurrer to the petition and it is admitted that it goes to the merits of the action and was not on technical grounds. The opinion of the circuit court judge affirming this judgment was on the ground that no consideration was alleged in the amended petition, and it is admitted this is a technical ground, the opinion saying that the court found it unnecessary to pass on the other questions of the case. No error was prosecuted to the Supreme Court to reverse this judgment of affirmance.

The general principles of the law applicable to the question at bar seem to be well settled. If no error had been prosecuted to the judgment of the court of common pleas, the judgment of that court on the demurrer would be final and a bar to this action. This judgment was affirmed by the circuit court, and we think the finality of the judgment was not changed by the fact that looking to the opinion of the court, outside of the record of that case, the circuit court based its affirmation on technical grounds. The circuit court might have been wrong in its conclusion and still the judgment have been right, and if the case had gone to the Supreme Court the question there would have been, not whether the reasons given by the circuit court in its opinion were right, but whether on the record the judgment of affirmance was right. We think the judgment should be affirmed.

**Smith** and **Giffen, JJ.,** concur.